In re COMDISCO, INC., et al., Debtors.

No. 01 B 24795.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Nov. 28, 2001.

John Wm. Butler, Jr., George N. Panagakis, Skadden, Arps, Slate, Meagher & Flom, Chicago, IL, for debtor.

Roman Sukley, Office of U.S. Trustee, Chicago, IL, for U.S. Trustee.

William J. Barrett, Gardner, Carton & Douglas, Chicago, IL, Lead Counsel for Creditor's Committee.

Richard G. Mason, Chaim Fortgang, Wachtell, Lipton, Rosen & Katz, New York City, for Creditor's Committee.

Anne Marie Bredin, Jones, Day, Reavis & Pogue, Chicago, IL, Local Counsel for DIP Lenders.

Michael Bassett, Jones, Day, Reavis & Pogue, Chicago, IL, for DIP Lenders.

Ronald W. Hanson, Latham & Watkins, Chicago, IL, for Pre-Petition Lenders.

David F. Heroy, Carmen H. Lonstein, Bell, Boyd & Lloyd, Chicago, IL, Local Counsel for Equity Security Holders.

Edward S. Weisfelner, Scott M. Berman, Berlack, Israels & Liberman, New York City, for Equity Security Holders.

Christopher J. Bannon, Paul A. Greenberg, Aronberg, Goldgehn, Davis & Garmisa, Chicago, IL, Local Counsel for Metromedia Fiber Network Services, Inc.

David G. Ebert, Jerry M. Feeney, Ingram Yuzek, Gainen, Carroll & Bertolotti, New York City, for Metromedia Fiber Network Services, Inc.

### *MEMORANDUM OPINION*

RONALD BARLIANT, Bankruptcy Judge.

Rejection of a contract has only one consequence under the bankruptcy code: it constitutes a breach of that contract. 11 U.S.C. § 365(g). That fact suggests the proper test to be applied to the present

motion to reject two product orders each issued in connection with a related agreement. Although the Debtor wants to reject the product orders, it has not moved to reject the related agreements. The other party to the transactions objects for that reason.

A trustee or debtor in possession may not reject (*i.e.,* breach) one obligation under a contract and still enjoy the benefits of that same contract. *AGV Productions, Inc. v. Metro–Goldwyn–Mayer, Inc.,* 115 F.Supp.2d 378, 391 (S.D.N.Y.2000). That rule is not in the bankruptcy code; it simply follows from the principle that a breach by one party to a contract generally excuses performance by the other. Under the same principle of non-bankruptcy law, a trustee or debtor in possession may not reject, and thereby breach, one contract and still enjoy the benefits of a related contract if that breach is also a breach of the related contract. Therefore, whether the Debtor here may reject the product orders without also rejecting the related agreements depends on whether under applicable non-bankruptcy law a breach of the product orders would constitute a breach of the related agreements. As I read the documents, the answer is different for the two product orders at issue.

Product Order # 5 was entered into pursuant to an Option Agreement dated March 24, 1999. The Option Agreement grants to the debtor an option "to lease dark fiber strands on one or more" of Metromedia Fiber Network Services' networks. The option is exercised as to each proposed lease by a notice and confirmed by a product order. The "pricing and other specific terms and conditions" of each lease are all to be contained in the product order. Option Agreement, § 1. Other terms are contained in the General Terms and Conditions attached to the Option Agreement as an exhibit, but intended to be a part of each lease evidenced by a product order.

Significantly, the default provisions that would be applicable to a breach of a product order or individual lease are contained in the General Terms and Conditions that are part of each product order. A breach of a product order by the debtor entitles Metromedia "to deny access by the Customer to the applicable product and to terminate this Agreement." General terms and Conditions, § 11.1. "Agreement" is defined in § 1.1 to "mean and include the Product Order and all Exhibits thereto and these General Terms and Conditions." By its terms, therefore, the breach of Product Order 5 does not constitute the breach of the Option Agreement or any other Product Order. Rather, each Product Order, including the General Terms and Conditions, is treated as a separate lease. Moreover, the Option Agreement provides for termination of "this agreement" as a remedy for breach, but goes on to say that any previously executed Product Order survives termination of the Option Agreement. Option Agreement, § 5.

The integration clause in § 9 of the Option Agreement relied upon by Metromedia means only that nothing outside the named documents constitutes any part of the parties' agreements. It does not express an intent that a breach of a single Product Order would constitute a ground to terminate the entire relationship. Also, while it is true that the preamble to the Product Order includes the Option Agreement as part of the parties' "Agreement," nothing else in the documents is consistent with that, and the word "Agreement" appears again in the Product Order only in the provision dealing with notice to the debtor. Product Order # 5, § 3.

Reading the documents as a whole, I find that the parties did not intend that

the breach of Product Order # 5 would constitute the breach of the Option Agreement or any other product order. Therefore, the debtor may reject Product Order # 5 without rejecting the Option Agreement or any other product order entered into pursuant to that Option Agreement. Its motion to do so will be granted.

■ The result is different with respect to Product Order No. MN–1. That product order was entered into pursuant to the parties Managed Network Agreement dated Aug. 7, 2000, which provides for the enabling of data transmission on leased fiber. That document defines the "Agreement" to include product orders. Much more important are the default provisions in § 12. Under that section, if the customer prematurely terminates a product order or misses a payment, Metromedia has "the right to terminate this Agreement" (meaning the Managed Network Agreement and all related Product Orders). In addition, § 12 defines a default under any Product Order as an event of default under the Managed Network Agreement. Finally, in direct contrast to the Option Agreement, the Managed Network Agreement provides that its term extends through the last term of any Product Order.

Therefore, I find that the parties did express an intent that the breach of a Product Order entered into pursuant to the Managed Network Agreement would be a breach of that Agreement and other Product Orders entered into pursuant to that Agreement. The motion to reject Product Order MN–2 does not seek to reject the Managed Network Agreement and other related product orders, and apparently the debtor does not want to do so. Therefore, the motion to reject Product Order MN–2 will be denied without prejudice to its renewal if the debtor elects to reject the entire agreement.

Nothing in this opinion deals with any defenses or rights the debtor may have with respect to either Product Order on impossibility of performance or *force majeure* grounds. Those issues are not properly before me on a motion to reject a contract, and my ruling does not bar the debtor from asserting those defenses or rights, or any others, in future proceedings.